### J. M. JOHNSTON *v.* CAMMACK, SQUIRES & WEST.

Where a party sequesters a slave, on the ground that she has an hypothecary right upon such slave, and believes that the slave is about to be carried out of the State—*Held : That the sequestration will be set aside, if the affidavit does not set forth the amount of the mortgage, and affiant does not therein aver positively that she has grounds to suppose that the slave is about to be carried out of the State*

APPEAL from the District Court of the Parish of St. Martin, *Voorhies,* J. *Simon & Gary* and *E. Simon, Jr.,* for plaintiff and appellant. *G. A. Breaux,* for defendant.

SPOFFORD, J. This is a sequestration sued out by the plaintiff against *Cammack, Squires & West,* as third possessors of the slave *Lucinda,* upon which the plaintiff claims to have a legal mortgage for the reimbursing of her paraphernal effects, alienated by her husband, *George W. Johnston,* against whom she has a suit still pending.

*Cammack, Squires & West* bought the slave from *George W. Johnston,* who is admitted to have been the owner and possessor ; they also acquired possession from him before the sequestration.

The prayer of the petition in the present case is, that these defendants be cited to show cause on the trial of the plaintiff's suit against her husband, why she should not exercise her hypothecary rights and lien over said slave *Lucinda,* and that the said slave be sequestered until the decision of that suit.

Upon exceptions to the sufficiency of the petition and the affidavit, the sequestration was dissolved, and the plaintiff has appealed.

She sues neither for the ownership nor possession of the slave. She merely alleges that she has an hypothecary right upon the slave, by reason of a legal mortgage she has upon the property of her husband.

The affidavit is, that the facts contained in her petition and therein stated as of her knowledge, are true, and that those therein mentioned as derived from the knowledge of others, she believes to be true.

The petition states, that she has sued her husband for "*large sums of money* belonging to her in her own separate right, as well as in the right of the children of her first husband ;" for which she claims a legal mortgage both upon the property of her husband and of the community ; that the slave *Lucinda* is subject to such mortgage ; that she apprehends that the said slave will be removed out of the State, and from the jurisdiction of the court before she can exercise her legal mortgage, because the defendants, *Cammack, Squires & West,* are commission merchants, and are therefore likely to dispose of *Lucinda, either in* or out of the State of Louisiana, *in which latter case* her rights will be defeated.

The affidavit, even when elucidated by this petition, is too vague. No specific amount of mortgage debt is sworn to, so that defendants in the sequestration are deprived of the opportunity of releasing the slave by paying up such liquidated claim as there may be against her ; and the reasons for apprehension are given in the alternative, the plaintiff not averring, positively, that she has ground to suppose the slave will be removed *out of the State,* before she can have the benefit of her mortgage as required by C. P. 275, No. 6, which, it has been held, must be construed in connection with the amendment of 7th of April, 1826. See *Sellick* v. *Kelly,* 11 Rob. 145 ; *Wilson* v. *Churchman,* 4 An. 456.

Judgment affirmed.